Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT
for the
Western District of Pennsylvania
Civil Division

15BH /BSC
#4
Fee paid

| | |
|---|---|
| MICHAEL W. DIEBOLD<br>Plaintiff<br><br>v.<br><br>THE COMMONWEALTH OF PENNSYLVANIA (Commonwealth), PENNSYLVANIA STATE POLICE (PSP), and CHRISTOPHER PARIS in his official capacity as COLONEL of the PENNSYLVANIA STATE POLICE<br>Defendants | Case No. 2:23-cv-2100<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial: *(check one)* ☐ Yes ☒ No<br><br>**FILED**<br>DEC 12 2023<br>CLERK U.S. DISTRICT COURT<br>WEST DIST OF PENNSYLVANIA |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

The Parties to This Complaint

The Plaintiff

Name: Michael W. Diebold
Address: 169 Progress Drive
Waynesburg, PA   15370

County: Greene
Telephone: 724-852-2902

Legal mail from attorney's and directly from the Court may be mailed to:  Michael W. Diebold-QN7922, SCI-Greene, 169 Progress Drive, Waynesburg, PA 15370.

Non-legal mail and other documents may be maled to: Smart Communications / PA DOC, Michael W. Diebold-QN7922, SCI-Greene PO Box 33028, St. Petersburg, FL 33733

The Defendant(s)

Defendant No.1

Name: Commonwealth of Pennsylvania
Job or Title:
Address: 1601 Elmerton Ave
Harrisburg, PA 17110
County: Dauphin
Telephone: 717-783-2300

Defendant No. 2

Name: Pennsylvania State Police
Address: 1800 Elmerton Ave
Harrisburg, PA 17110
County: Dauphin
Telephone: 717-783-5599

Defendant No. 3

| | |
|---|---|
| Name: | Christopher Paris |
| Job or Title: | Colonel of the Pennsylvania State Police |
| Address: | 1800 Elmerton Ave |
| | Harrisburg, PA 17110 |
| County: | Dauphin |
| Telephone: | 717-783-5599 |

[ ] Individual Capacity    [X] Official Capacity

UNITED STATES DISTRICT COURT
for the
Western District of Pennsylvania

| | |
|---|---|
| MICHAEL W. DIEBOLD <br> ~~Plaintiff~~ <br><br> V. <br><br> THE COMMONWEALTH OF PENNSYLVANIA (Commonwealth), PENNSYLVANIA STATE POLICE (PSP), and CHRISTOPHER PARIS in his official capacity as Colonel of the PENNSYLVANIA STATE POLICE (collectively, Defendants). | CIVIL ACTION NO. _____ <br><br> Jury Trial: [ ]Yes  [X]No |

A.   JURISDICTION, VENUE AND BASIS FOR RELIEF

1. Jurisdiction is asserted pursuant to 28 U.S.C Section 1331 and 1343. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. I am entitled to the requested relief under 42 U.S.C. § 1983.

B.   PLAINTIFF

2. I, Michael W. Diebold, filing pro se, am the plaintiff in this civil action. I am a natural born citizen of the United States of America. At all times I have resided in Armstrong County located within the Commonwealth of Pennsylvania.

3. Although I am currently a inmate in the Pennsylvania Department of Corrections, this action is not subject to the Prison Litigation Reform Act. This action is brought against the Pennsylvania Department of Corrections nor any staff member there of. This action makes no claims related to my confinement or prison conditions.

4. My current mailing address is: Smart Communications/PA DOC, Michael W. Diebold-QN7922, SCI-Greene, PO Box 33028, St. Petersburg, FL 33733.

5. My current physical address is: Michael W. Diebold-QN7922, SCI-Greene, 169 Progress Drive, Waynesburg, PA 15370

C.   DEFENDANTS

6. The first defendant in this case is The Commonwealth of Pennsylvania with a listed address of 1601 Elmerton Ave, Harrisburg, PA 17110.

7. The second defendant in this case is the Pennsylvania State Police, headquartered at 1800 Elmerton Ave, Harrisburg, PA 17110.

8. The third and final defendant in this case is Christopher Paris in his official capacity as Colonel of the Pennsylvania State Police. The Pennsylvania State Police are charged with the regulation and enforcement of Pennsylvania Megan's Law (42 Pa.C.S. Chapter 97, Subchapter H).

D. FACTS AND NATURE OF THE CASE

9. The Pennsylvania State Police are the law enforcement of the Commonwealth of Pennsylvania.

10. The legislature of the Commonwealth of Pennsylvania adopts and passes laws and regulations that the Pennsylvania State Police are charged with enforcing.

11. Megan's Law (42 Pa. C.S. Chapter 97, Subchapter H) is a law that is active in the Commonwealth of Pennsylvania. Megan's Law is also commonly refered to as the Sexual Offender Registration and Notification Act (SORNA)

12. PA Tile 42 Pa. C.S. Chapter 97, Subchapter H states that the Pennsylvania State Police shall create and maintain the registry. All "sexual offenders" in the Commonwealth must comply with the registry and provide information as required.

13. 42 Pa.C.S. §9799.16 (b) states "Information provided by sexual offender. An individual specified in section 9799.13 (relating to applicability) shall provide the following information which shall be included in the registry:".

14. 42 Pa.C.S. §9799.16 (b)(1) requires that a sexual offender register "<u>any</u> designations or monikers used for self-identification in internet communications or postings."

15. 42 Pa.C.S. §9799.16 (b)(2) requires that a sexual offender register "Designations used by the individual for purposes of routing or self-identification in internet communications or postings."

16. 42 Pa.C.S. §9799.16 is enforced under 18 Pa.C.S. §4915.1. Failure to comply with registration requirements.

17. Failure to provide and register any designations or monikers used for self-identification in internet communications is enforced thru 18 Pa.C.S. §4915.1 (3).

18. Failure to provide any designation used by the individual for the purpose of routing or self-identification in internet communications or postings is also enforced thru 18 Pa.C.S. §4915.1 (3).

Page 2

19. A violation of 18 Pa.C.S. §4915.1(3) is a Felony of the first degree punishable by up to 5 years incarceration.

20. A sexual offender must register, update registration, or make a change in registration by appearing in person at a Pennsylvania State Police barracks within 3 business days of any such change. A sexual offender may also appear in person at any other approved registration site.

21. During the registration process a offender is to review PSP form SP 4-218 (12-2012). This form explains registration requirements and penalties.

22. Section 2, b(8) of form SP 4-218 (12-2012) states "Any change in e-mail address, instant message address, or any other designations used in Internet comminications or postings (e.g. social networking sites, internet message boards). This includes, but is not limited to, the addition, deletion or modification of any internet identifier" must be registered.

23. At all times the laws of the Commonwealth of Pennsylvania are subject to the United States Constitution.

24. The First Amendment of the United States Constitution states "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people to peaceably assemble, and to petition the Government for the redress of grievances."

25. On December 11, 2018 I entered a guilty plea to several offenses stemming from a online, non-contact, sexual offense. My guilty plea was entered in Westmoreland County at Docket Number CP-65-CR-0000339-2018. The entrance of this plea defined me as a "sexual offender" as stated in SORNA, 42 Pa.C.S. Chapter 97, Subchapter H. Thusly, I was then subject to forced registration and disclosure under 42 Pa.C.S. §9799.16. I was / am subject to forced registration and disclosure of the information required by 42 Pa.C.S. §9799.16 (b)(1) and (b)(2).

26. On January 1, 2020 I was charged by Trooper Matthew Norris of the Pennsylvania State Police with 2 counts of a violation of 18 Pa.C.S. §4915.1(3), Failure to Provide Accurate Registration Information. The charge comes from the allegation that I did not register an e-mail address and web site as required by 42 Pa.C.S. §9799.16 (b)(1) and (b)(2). I was charged at Armstrong County docket number CP-03-CR-0000158-2020.

27. On October 6, 2021 I entered a negotiated guilty plea in Armstrong County. I plead guilt to 1 count of 18 Pa.C.S. §4915.1 (a)(1). I plead guilty to failing to provide PSP with an email address.

28. The Armstrong County charges do not stem from any other type of criminal violation or investigation. The nature of the charges were soley that I failed to register / disclose the information to PSP.

29. On February 22, 2022 I was sentenced in Armstrong County and was incarcerated for a period of 18 to 36 months. As of the date of this filing I remain incarcerated in the Pennsylvania Department of Corrections at the SCI-Greene facility. The sole cause of my current incarceration is my failure to provide / disclose a e-mail address.

30. I have been assessed / evaluated by the Pennsylvania Sexual Offender Assessment Board and I am not classified as a Sexualy Violent Predetor. I am classified as a Tier II offender under SORNA and am required to register for 25 years.

D. CLAIM

31. I put forth the claim that 42 Pa.C.S. §9799.16 (b)(1) and (b)(2) are unconstitutional and violate the First Amendment of the United States Constitution. Specifically, the registration / disclore requirement to PSP of "any designations or monikers used for self-identification in internet communications and postings" as well as "designations used by the individual for the purpose of routing or self-identification in internet communications or postings" is a clear violation of the First Amendments free speech clause.

32. SORNA Subchapter H, 42 Pa.C.S. Chapter 97 H, provides no definitive guidance on exactly what must be registered or disclosed. As read the law indicates that everything internet related must be registered and disclosed. The law appears, based upon its wording, to be directed to any and all interactive communication regardless of nature and subject matter.

33. PSP form SP 4-218 (12-2012) directs all individuals forced to register and disclose any e-mail address, any instant messenger address and any other designations used in internet communications and postings. The use of the word "any" again indicates everything and all. Without further definitive guidance the law is subject to being interpreted by individual law enforcement officers.

34. The wording of the law does not soley apply to those places on the internet where crime such as the law is attempting to prevent may occur, but to all sites of the internet. Including, but not limited to sites used for religion, shopping, news, politics, financial management, healthcare and so on.

35. 42 Pa.C.S. §9799.16 (b)(1) and (b)(2) are extremely overbroad and create a severe deterrence and chilling effect on free speech and completely eliminate a registrants right to anonymous free speech. The disclosure requirement to PSP significantly restricts a large amount of free speech that is highly unlikely to create a criminal offense

36. 42 Pa.C.S. §9799.16 (b)(1) and (b)(2) have caused me to suffer irreparable harm since the date of my initial registration by violationg my Constitutional right to free speech and anonymous free speech. I have also been caused irreparable harm due to being incarcerated for violation of a law that is in violation of the First Amendment of the United States Constitution. I am at great risk of future irreparable harm due to my forced continued disclosure and potential prosecution for failure to disclose / register. The offense is prosecuted as a Felony of the first degree and punishable by a minimum sentence of 3 years incarceration to a maximum of 5 years incarceration.

37. I believe the court needs to look at the disclosure requirement thru strict scrutiny. If looked at in the best light for the Commonwealth, the disclosure requirement certainly falls under intermediate scrutiny. Either way, the disclosure requirements fail a constitutional review. The disclosure requirement simply creates too great a chilling effect to pass constitutional muster.

38. The First Amendment certainly has already been found to protect the right of an individual to speak online in an anonymous fashion. See In re Anonymous Online Speakers, 661 F.3d 1168, 1173 (9th Cir. 2011)

39. The Commonwealth's disclosure requirement and its enforcement absolutely impermissibly burdens free and anonymous speech. There is only a slight difference between burdening free speech and banning it. "The distinction between laws burdening and laws banning speech is but a matter of degree....Lawmakers may no more silence unwanted speech by burdening its utterance than by censoring its content." Sorrell v. IMS Health Inc., 131 S. Ct. 2653, 2664, 180 L. Ed. 2d 544 (2011) (internal quotation marks and citation omitted).

40. The registration and disclosure requirement uses language that is far reaching across the entire internet and all the sites of the world that demonstrates 42 Pa. C.S. §9799.16 (b)(1) and (b)(2) are not even close to being "narrowly tailored" to serves the governments interest.

41. Applying the Commonwealths disclosure requirements off all internet identifiers and all forums, even those that have not been shown to create any tangible risk of leading to a internet or online sex offense, creates a frigid chilling effect on the free speech of all those forced to register in the Commonwealth of Pennsylvania.

42. Since the 2012 enactment of the current rendition of SORNA,42 Pa. C.S. §9799.16 (b)(1) and (b)(2), has been causing irreparable harm to myself and all those forced to disclose / register thru the Firts Amendment rights being deprived. "The loss of First Amendment Freedeoms, for even minimal periods of time, unquestionably constitute irreparable injury." Elrod v. Burns, 427 U.S. 347, 373, 96 S. Ct. 2673, 49 L. Ed. 547 (1976).

43. 42 Pa. C.S. §9799.16 (b)(1) and (b)(2) should not be valid just because the Commonwealth views the disclosure requirement as being a
Page 5

easier method to enforce laws that are already "on the books". Law Enforcement Officers and Investigators in the Commonwealth that investigate internet crimes already have many tools to identify anonymous internet suspects, such as subpoenas, administrative subpoenas, and search warrants.

44. 42 Pa. C.S. §9799.16 (b)(1) and (b)(2) are also extremely far reaching and a overbreadth because they apply to all sexual offenders in the Commonwealth even if their offense was not connected to the internet in any way.

45. Given the ubiquity of the world-wide-web and its integration into almost all aspects of life, and the recent recognition of that fact by the Supreme Court when it struck down as a violation of First Amendment rights a North Carolina statute which prohibited sex offenders from accessing social media websites (Packingham v. North Carolina, 582 U.S. ___ (2017), and the injunction issued by the Ninth Circuit Court of Appeals in 2014 against the enforcement of a law requiring registered sex offenders to report internet "identifiers" because it "unnecessarily chills protected speech",(Doe v. Harris, 772 F.3d 563, 578(9th Cir. 2014), the Commonwealths disclosure requirement under 42 Pa. C.S. §9799.16 (b)(1) and (b)(2) must be found to be unconstitutional and a clear violation of my rights under the First Amendment of the United States Constitution.

46. The Commonwealth and PSP add an aditional layer of speech chilling deterence to the disclosure requirement thru the process in which registration and disclosure must take place. Unlike other states that permit registration and disclosure by way of e-mail, telephone, internet or U.S. mail, the Commonwealth and PSP require that all intitial registrations, continued registrations, additions and changes in registration must take place in person at a approved site, primarily a PSP barracks, within 72 hours of a change or addition. The in person requirement further deters free speech as well as eliminates anonymous speech because it creates a breeding ground for conflict and additional scrutiny as well as judgement. Imagine having to sit face to face with a Trooper and have to disclose to him that you, the registrant, belong to a website dedicated to defunding the police. There are countless examples where this requirement would actually deter a registrant from disclosing all information out of fear or feelings of intimidation, thoughts of retaliation, being targeted, embarassment and other normal human feelings. It is not a far reach to state that the in person requirement promotes non-compliance and is not that far off from a entrapment scenario.

47. The Commonwealth, Law Enforcement and others that have or could have access to the information required under 42 Pa. C.S. §9799.16 (b)(1) and (b)(2) can make determinations about a registrant that go far past the scope and intent of the statute. The internet information disclosed and sites accessed can alert the government to a offenders race, religion, ethnic background, political affiliation, sexuality, gender identity, financial standing, shopping and entertainment, and literally almost all other aspects of a persons life since just about everything in this modern world is tied to the internet. These, among other things, are all parts of life that the Commonwealth

Page 6

has no right or justification to monitor and regulate. The statute could allow the government to access all parts of an offenders life. I personally fear what I would suffer if a rogue agent or actor were to freely release all my registered and disclosed information. And as we see in the media all too frequently, digital information breaches occur all too often causing countless people to suffer, let alone a extremely unpopular group of people such as those labeled sexual offenders.

48. Another issue that arises that demonstrates the law in question is not "narrowly tailored" is individual officers outside of PSP can interpret without guidance. For example, the law is mute on the subject of cell phone apps. On applications such as Door Dash, Grub Hub, Instacart, and even McDonalds I have a unique user name (moniker), I can communicate with representatives from the app as well as other users. I can post commentary and reviews. This raises questions that go unanswered, for example. Are apps required to be disclosed and registered? Are apps on a smart phone a cellular function or a internet function? Does the Commonwealth, PSP and law enforcement have a consensus on these questions? The answer regarding a consensus, in my experience, is "NO". I know this because I have asked. This ambiguity is chilling and detering free speech on platforms that the law might not even apply to. This can only be addressed by strict definitive guidance, which there is not. This again demonstrates the negative effect that 42 Pa. C.S. §9799.16 (b)(1) and (b)(2) on the free speech rights of all registered sexual offenders in the Commonwealth of Pennsylvania.

49. On September 14, 2023 the United States Disctrict Court in the District of Connecticut struck down as unconstitutional under the First Amendment the Connecticut law requiring registration and disclosure of internet identifiers. Connecticut General Statute §§ 54-251(a) and 54-253(b) were extremely similar, almost a mirror image, to 42 Pa.C.S. §9799.16(b)(1) and (b)(2). The Connecticut law was less stringent in that it did not command that the registration process take place in person. See James P. Cornelio v. State of Connecticut, docket no. 3:19-cv-1240 (JAM).

### E. DAMAGES AND RELIEF SOUGHT

50. I seek compensatory damages for all my out-of-pocket expenses including, but not limited to, filing fees, legal fees any any other cost assosciated with the bringing of this Civil Action.

51. I seek punitivie damages in the amount of $500,000.00 for the prolonged violation of my First Amendment rights and the irreparable harm caused by such deprivation.

52. I seek declaratory relief whereby the Court declares 42 Pa.C.S. §9799.16 (b)(1) and (b)(2) unconstitutional and in violation of the First Amendment of the United States Constitution.

53. I seek declaratory relief whereby the Court issue an order relieving me of the registration and disclosure requirements of 42 Pa.C.S. §9799.16 (b)(1) and (b)(2). I respectfully request that the Court extend this same relief to all sexual offenders forced to register in the Commonwealth of Pennsylvania.

54. I seek injunctive relief whereby the Court bars the Pennsylvania State Police and any other law enforcement agency from the enforcement of 42 Pa.C.S. §9799.16 (b)(1) and (b)(2) upon me. I respectfully request that the Court extend this same relief to all sexual offenders forced to register in the Commonwealth of Pennsylvania.

55. I seek injuctive relief whereby the Court bars the Pennsylvania State Police and any other law enforcement agency from prosecuting me for a violation of 42 Pa.C.S. §9799.16 (b)(1) and (b)(2). I respectfully request that the Court extend this same relief to all sexual offenders forced to register in the Commonwealth of Pennsylvania.

F. JURY DEMAND

56. I do not seek to have a jury trial.

_____ pro se
Michael W. Diebold-QN7922
SCI-Greene
169 Progress Drive
Waynesburg, PA 15370


DECLARATION UNDER PENALTY OF PERJURY

Pursuant to 28 U.S.C. § 1746 and 18 U.S.C. § 1621, I declare, under penalty of perjury, that I am the plaintiff in the above action, that I have prepared the above Complaint and that the information contained in the Complaint is true and correct.

Executed on the 29th day of November, 2023

_____
Michael W. Diebold

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge and belief that this complaint: (1) is not being presented for improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### PARTY WITHOUT AN ATTORNEY

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of Signing: 11/20/23

Signature of Plaintiff: _Michael W. Diebold_ pro se

Printed Name of Plaintiff: _Michael J. Diebold_